13822

PEARCE-YOUNG-ANGEL CO. *ET AL.* v. MURRAH *ET AL.*

(174 S. E., 21)

Before FEATHERSTONE, J., and SEASE, J., Union, July, 1932.

*Messrs. Nicholls, Wyche & Russell* and *John K. Hamblin,* for appellants, cite:

*Mr. W. M. Swink,* for respondent.

April 5, 1934.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This suit, instituted in the Court of Common Pleas for Union County, is an action in equity, to settle the priority

of alleged liens between the plaintiffs and the defendants. As set forth in the transcript of record, the plaintiffs, Pearce-Young-Angel Company, Eagle Grocery Company, L. J. Hames & Co., and Thomas & Howard Company, were assignees of a chattel mortgage over the stock of goods and fixtures of George E. Hollingsworth to C. K. Morgan and P. C. Whisenant, as trustees of the creditors of the Cash Grocery Company of Union, S. C. The mortgage bears date May 7, 1926, and was duly recorded in the office of the Clerk of Court for the said County of Union November 17, 1926. The assignment was also duly recorded. The defendant, T. A. Murrah, is the landlord and owner of the building in which the said George E. Hollingsworth conducted the said business, located in the Town of Union, said county, but the mortgage was executed and delivered while the said George E. Hollingsworth occupied another building in said town, known as the Gault building, and before he moved into the Murrah building. Since the defendant T. A. Murrah, is the only one of the defendants interested in the questions now before the Court, we shall hereinafter make reference only to this defendant in referring to the defendants. On July 9, 1932, the plaintiffs instituted claim and delivery proceedings against Hollingsworth, for the purpose of taking and selling the property covered by said mortgage for the satisfaction of the balance due thereon. The defendant gave a redelivery bond and retained possession of the property involved, but, it appears, later surrendered possession to the mortgagees who promptly advertised the property for sale but left the property in the said Murrah building pending the sale, but, before the property could be sold by the plaintiffs, the defendant, on the 23rd of July, levied his distress for the arrears of rent. Thereupon, the plaintiffs brought this action to enjoin Murrah from selling the property under the distress and procured an order restraining such sale by the defendant until the question of priority of the plaintiffs' rights under the mortgage and the rent claim could be determined by the

Court. Upon consideration of the verified answer of the defendant, the Circuit Judge, issuing said order, modified the same so as to enjoin the advertised sale under the claim and delivery proceeding until the issues were determined.

In his answer, the defendant contended, in effect:

"(1) That his rent claim was prior to the mortgage; (2) that the plaintiffs, by taking possession of his premises in the claim and delivery suit, made themselves liable to him for rent subsequently accruing at $50.00 per month; (3) that, at all events, his rent claim was prior as to any goods and fixtures acquired by the mortgagor-tenant after removal from the locus mentioned in the mortgage."

Issues being joined, the case was referred to A. G. Kennedy, Probate Judge, *ex-officio* Master for Union County, to take the testimony and pass upon the issues in the cause.

Since there is practically but one question involved in the appeal, we consider it unnecessary to go into a general discussion of the testimony in the case, but deem it sufficient to state that under the Master's finding and holding, he recommended that the plaintiffs have judgment against the defendant, George E. Hollingsworth, for the amount due on the mortgage in question, with the right to sell the said stock of goods and fixtures of the said George E. Hollingsworth "and from the proceeds thereof to pay first the costs of this action, and the mortgage debt, and if there be a balance, to pay same to T. A. Murrah, or his attorney, on his claim for rent. And if there be a balance remaining after the payment of Mr. Murrah's rent claim, same be paid over to the defendant, George E. Hollingsworth, or such party as may be designated by the Court to receive any such balance, if any."

The defendant, T. A. Murrah, filed exceptions to the Master's report and said exceptions were heard before his Honor, Judge C. C. Featherstone, who, after consideration, issued an order modifying the report of the Master in one particular, holding, in effect, that the defendant, Murrah,

was entitled to a reasonable rental for his said building from July 9, 1932, until removal of the goods in question, and for the purpose of ascertaining what would be a reasonable rental for the said period of time the cause was recommitted to the Master, but the report of the Master was confirmed in every other respect.

To that portion of Judge Featherstone's order which is at variance with the recommendations of the Master and against the plaintiffs' interests, the plaintiffs served due notice of intention to appeal to this Court, and filed exceptions. Thereafter, the Master held references and took testimony, in accordance with the order of Judge Featherstone, upon the question of a reasonable rental for the defendant for the use of his said building, from July 9, 1932, to the date of removal of the said property, and in his report thereon, recommended, in accordance with his findings of fact, that the amount be fixed at $35.00 per month. Thereafter, the plaintiffs, pursuant to notice, filed exceptions to this report. This last-mentioned report of the Master was heard before Judge Sease, who, upon consideration, confirmed the same, fixing the total amount to be paid to the defendant for the use of said building, from July 9, 1932, to November 26, 1932, the date of removal of said goods, at $135.00. From this order of confirmation of Judge Sease, the plaintiffs served notice of intention to appeal to this Court. The case, therefore, comes to this Court on exceptions by the plaintiffs, there being no appeal to this Court by the defendant on any phase of the case. No question is presented regarding the rights of the mortgagee and landlord to the mortgaged property. That question was decided in the lower Court in favor of the plaintiffs and the defendant has not appealed from such decision. The exceptions of the plaintiffs present only one question, was it error to require the plaintiffs to pay the defendant, Murrah, the sum of $135.00 for the use of his said building from July 9, 1932, to November 26, 1932?

The mortgagor, Hollingsworth, having failed to pay the mortgage debt, the plaintiffs instituted an action in claim and delivery to obtain possession of the mortgaged property. This action was begun July 9, 1932. The defendant, Murrah, as the landlord in the case, gave a redelivery bond and retained possession of the property. Later, however, he ceased to resist the action, and permitted the appellants to go forward in the matter. Thereupon, the plaintiffs duly advertised the property for sale on July 29, 1932. After the advertisement of such sale was given by the plaintiffs, the defendant, Murrah, distrained on the mortgaged property for past due rent. Whereupon the present action was instituted against the defendant in equity to settle the priorities of the liens between the plaintiffs and the defendant, and, in connection therewith, plaintiffs obtained a temporary injunction restraining the defendant from selling the mortgaged property under his distress warrant, and were preparing to go forward with the sale of the mortgaged property, in accordance with the said advertisement, but on July 28, 1932, which was the day before the date the said property was advertised for sale, the defendant, Murrah, secured an injunction restraining the appellants from making any sale or disposition of the mortgaged property, and it was this action on the part of the defendant, Murrah, that prevented the plaintiffs from selling the said property and removing the same from the said building, and, further, it was this action on the part of the defendant that kept the property on his premises. As shown above, the Court below held that the plaintiffs, appellants before this Court, were entitled to priority, and, in effect, held that they were entitled to possession of said property, from which holding the defendant did not appeal, and, therefore, the defendant will not now be heard to say that he had a prior right to the property. The defendant (respondent before this Court) was wrong in preventing the plaintiff from selling and removing the property from defendant's said building. If the plaintiffs had been permitted

to sell the property under the said mortgage, which they had a right to do, as the Court later held, the property certainly would have been moved and the defendant would have had his building free from the same. In our opinion, no just reason is shown why the plaintiffs should be required to pay to the defendant a rental for the building for a period of time in question. We note the suggestion that the plaintiffs would have had to store the mortgaged property somewhere during the pendency of the action, and that by using the said storeroom for that purpose, the plaintiffs were saved the expense of moving and storing the said property, and for that reason they should be held under obligation to pay the defendant a rental. We are unable to agree with this position. It must be kept in mind that it was the wrongful distraint and wrongful injunction procured by the defendant that prevented the property from being sold under the mortgage and removed from said building. The defendant-respondent must not be permitted to profit by his own wrong.

The exceptions of the plaintiffs are, therefore, sustained and it is the judgment of this Court that the orders and judgment of the lower Court, directing that the defendant, T. A. Murrah, recover of the plaintiffs the said sum of $159.72, be and the same are hereby reversed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and BONHAM concur in result.